IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVETA RIVERA,

      Plaintiff,

vs.                                                                                                  Civ. No. 10-519 RLP/RHS

AMCO INSURANCE COMPANY and
ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendants.

**ORDER DENYING PLAINTIFF'S**
**FIRST MOTION TO COMPEL**

**THIS MATTER** comes before the Court on Plaintiff's First Motion to Compel [docket no. 22]. Plaintiff seeks access to certain documents requested in the Plaintiff's First Request for Production, Request Nos. 2, 4, 7 and 10 all of which were the subject of a subpoena duces tecum issued by the Plaintiff and served upon the law firm of Rugge Rosales and Associates. In response to Plaintiff's First Motion to Compel (docket no. 22), Defendants assert the attorney/client privilege relative to the requested documents and have provided the Court with a privilege log. The Court has now read and considered the privilege log which includes the following:

    1. Letter dated February 5, 2010, from Amelia Nelson to Dennis Mills regarding opinions and conclusions.

    2. Letter Dated September 1, 2009, from Amelia Nelson to Dennis Mills regarding EUO statements for legal services dated October 6, 2009, to Debbie Brown from the Rugge law firm.

3. E-mail dated 2/25/09 from Debbie Brown to David Rosales regarding contact from Fouts.

4. E-mail dated February 25, 2009, from David Rosales to Debbie Brown regarding ATF request and the claim of Ms. Rivera.

5. Statement of services directed to Debbie Brown from David Rosales dated November 6, 2009.

6. Statement for legal services directed to Debbie Brown from David Rosales July 7, 2009.

7. Statement for legal services directed to Debbie Brown from David Rosales dated August 6, 2009.

8. Letter dated September 18, 2009, directed to Mr. Mills from Amelia Nelson regarding employment records of Plaintiff.

9. Letter dated September 1, 2009, to Dennis Mills from Amelia Nelson regarding EUO of Rivera.

10. Statement for professional services dated July 7, 2009, from the Rugge firm to AMCO.

11. Statement for legal services directed to Debbie Brown from David Rosales dated March 5, 2010.

12. The following notations have been redacted from the activity logs relating to this matter: 2/23/09 communication between Rosales and Mills; 2/24/09 reference to letter from Rosales to Mills; 2/25/09 reference to communication between Rosales and Deborah Brown; 2/25/09 reference to communication between Brown and Rosales; 2/25/09 reference to communication between AMCO legal counsel Amy Carlson and Larry Zarybniky; March 2,

2009 reference to letter between counsel Rosales and adjuster Brown; March 9, 2009, reference to conversation between Rosales and Mills; 3/20/09 reference to conversation between Rosales and adjuster Brown; 3/31/09 reference to telephone conversation between Rosales and Brown; 4/17/09 reference to conversation between Rosales' office and Mills; May 29, 2009, reference to telephone conversation and letter from Rosales law firm and Mills; e-mail letter dated May 29, 2009, regarding letter from Rosales to adjuster Brown; 6/9/09 reference to information from counsel to Mills; 7/16/09 reference to telephone communications between Rosales and Mills; 8/6/09 reference to letter from Rosales; 9/12/09 reference to letter from Rosales to Mills; 11/3/09 reference to telephone conference between Amelia Nelson and Mills; December 3, 2009, reference to telephone call and letter from Rosales firm to Mills.

      13.  The following attorney/client communications have been redacted from the SIU logs maintained by Dennis Mills: 1/23/2010: log note regarding phone call between Amelia Nelson and Mr. Mills; 2/06/2010: log note regarding recommendation letter from Rugge firm; 3/25/2010: log note referencing letter from Rugge law firm to Mr. Mills; 4/12/2010: log note referencing correspondence from Rugge law firm to Mr. Mills; 4/14/2010: log note regarding e-mail communication from Amelia Nelson to Dennis Mills; and 5/13/2010: log note referencing communication from counsel for AMCO regarding Mills' involvement in case handling.

      Defendants also submitted to the Court for an *in camera* review Defendants' Second Privilege Log, which include the following:

      1.  E-mail dated February 25, 2009, from Debbie Brown to David Rosales regarding five page exception letter with corrections made by Attorney Rosales.

      2.  E-mail from Debbie Brown to David Rosales dated March 2, 2009, regarding draft letter to insured of same date containing five pages.

     3. E-mail from David Rosales to Debbie Brown regarding contact with Dennis Mills and EUO on the same page with an e-mail dated March 2, 2009, from David Rosales to Debbie Brown regarding proposed changes to letter to insured.

     4. E-mail from Debbie Brown to David Rosales dated March 20, 2009, regarding proof of loss.

     5. Draft letter dated June 3, 2009, to Debbie Brown from David Rosales regarding EUO (not sent).

     6. Typewritten notes of counsel prepared during the course of the work performed by Rugge Firm regarding contact with Debbie Brown and notes of counsel regarding facts of claim (undated), two pages in length.

Upon a review and consideration of both of Defendants' Privilege Logs, the Court concludes that the documents referred to in them contain communications which were made for the purpose of providing legal advice or prepared in anticipation of litigation and are therefore protected pursuant to the attorney/client or work product privileges. Therefore, the Court concludes that Plaintiff's First Motion to Compel (docket no. 22) is not well-taken and should be denied.

     **IT IS THEREFORE ORDERED** that Plaintiff's First Motion to Compel [docket no. 22] is hereby denied.

     **IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to place Defendants' Privilege Log and Defendants' Second Privilege Log in a sealed envelope and file the same of record in the above-captioned cause. Access to these documents shall be withheld

without the express and written order of this Court.  These logs are being placed in this sealed envelope for the purpose of preserving them for any reviewing tribunal.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE